**In re Return of Seized Property, Dean G. CHANDLER and Gary Bobel, Movants.**

**No. 10CV1679 DMS (RBB).**

United States District Court, S.D. California.

Aug. 31, 2010.

Valerie Chu, U.S. Attorneys Office Southern District of California, Criminal Division, San Diego, CA, for United States of America.

Michael Pancer, Law Office of Michael Pancer, Richard M. Barnett, Law Offices of Richard M. Barnett, Gretchen C. VonHelms, Law Offices of Gretchen VonHelms, San Diego, CA, for Movants.

## ORDER DENYING MOTIONS FOR RETURN OF SEIZED PROPERTY

DANA M. SABRAW, District Judge.

This matter comes before the Court on Dean G. Chandler and Gary Bobel's motions for the return of seized property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. The matter was fully briefed and came on for hearing on August 26, 2010. Michael Pancer and Gretchen Von Helms appeared on behalf of movants. Valerie Chu and Bruce Smith appeared on behalf of the government. For the reasons set forth below, the motions are denied.

## I.

### BACKGROUND

On June 23, 2010, the United States seized funds in several bank accounts belonging to Chandler and Bobel pursuant to a pre-indictment seizure warrant issued by a magistrate judge based upon a showing of probable cause that the funds were associated with movants' criminal activity. The government contends that Chandler and Bobel engaged in illegal activity in connection with loan modification services. Chandler and Bobel now move the Court for a hearing, at which

they would show the funds are (a) not associated with criminal activity, and (b) needed by them to retain counsel pending an ongoing criminal investigation. The government initiated administrative forfeiture proceedings pursuant to 18 U.S.C. § 983, after the instant motions were filed.

## II.

## DISCUSSION

Chandler and Bobel argue their sixth amendment right to counsel and fifth amendment right to due process have been abridged by the government's seizure of lawfully obtained funds, which has deprived them of their ability to retain counsel during the criminal investigation. Accordingly, they seek a hearing to prove the seized funds derive from legitimate sources, are not tainted by illicit conduct, and are necessary to ensure their right to effective assistance of counsel.

When a motion pursuant to Rule 41(g) is filed *before* criminal proceedings are instituted, the motion is "treated as [a] civil equitable proceeding[ ] and, therefore, a district court must exercise 'caution and restraint' before assuming jurisdiction." *Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir.1993) (quotations omitted). Four stringent factors are considered before a court's equitable jurisdiction is invoked: (1) whether the government displayed a callous disregard for the constitutional rights of the movant; (2) whether the movant has an individual interest in and need for the property he wants returned; (3) whether the movant would be irreparably injured by denying return of the property; and (4) whether the movant has an adequate remedy at law to redress his grievance. *Id.* at 324–325.

Perhaps realizing the daunting task of meeting the foregoing criteria, movants contend the Court need not concern itself with the exercise of equitable jurisdiction

because constitutional implications under the fifth and sixth amendments distinguish their case. The sixth amendment right to counsel, however, attaches only when an adversarial proceeding is commenced. *Brewer v. Williams*, 430 U.S. 387, 398, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977). "[A] criminal defendant's initial appearance before a judicial officer, where he learns the charge against him and his liberty is subject to restriction, marks the start of adversary judicial proceedings that trigger attachment of the Sixth Amendment." *Rothgery v. Gillespie County*, 554 U.S. 191, 128 S.Ct. 2578, 171 L.Ed.2d 366 (2008). Such is not the case here: Chandler and Bobel have not been arrested, indicted or charged. Thus, their sixth amendment right to counsel has not attached.[1] Similarly, movants' assertion that a fifth amendment right to an evidentiary hearing exists, is premised on cases in which criminal charges have been filed. *See United States v. Michelle's Lounge*, 39 F.3d 684, 701 (7th Cir.Ill. 1994) ("[D]ue process requires the government to participate in a post-seizure adversary hearing on probable cause when the district court has found that the government has seized through civil forfeiture all of the assets a *criminal defendant* needs to obtain counsel.") (emphasis added).

In the absence of criminal charges, the sixth amendment simply is not in play—and movants' fifth amendment rights must be evaluated in that light. Here, funds were seized pursuant to a court issued warrant; administrative forfeiture proceedings have been initiated, where movants may challenge the seizure; and, in the event criminal charges are filed, the issues raised here may be revisited there.

Under these circumstances, this Court properly may exercise jurisdiction and hear the matter only if the framework set out above under Rule 41(g) is met. It is not. The administrative forfeiture proceedings ini-

---

1. *United States v. Stein*, 541 F.3d 130 (2d Cir. 2008), cited by movants, does not lead to a different result. While the court acknowledged in *Stein* that pre-indictment government conduct could affect a criminal defendant post-indictment, the court noted that sixth amendment rights do not attach until indictment. *Id.* at 153.

Further, in that case, the government pressured an employer to limit attorney's fees paid to employees under investigation and to terminate such payments upon indictment. Thus, "the termination of fees upon indictment" deprived defendants of their sixth amendment right to counsel. *Id.* at 153. n. 13.

tiated by the government provide Chandler and Bobel an adequate remedy at law. *See United States v. U.S. Currency, $83,310.78,* 851 F.2d 1231, 1236 (9th Cir.1988) ("[W]hen a civil forfeiture proceeding is pending, there is no need to fashion an equitable remedy to secure justice for the claimant."). In addition, the government has not acted with "callous disregard" of the constitutional rights of movants, as the government seized the property pursuant to a warrant issued by a neutral fact finder. *See Account Services Corp. v. United States,* 2009 WL 2755649 (S.D.Cal. 2009) ("[T]he court finds the government did not act in callous disregard for ASC's constitutional rights. The seizures were effected based on seizure warrants for which the magistrate judges made neutral and independent findings of probable cause.") The Court therefore declines to exercise equitable jurisdiction.

While movants complain that the administrative process initiated by the government does not afford adequate process because of its relatively slow pace (compared to a potentially fast moving criminal investigation), the process accorded movants is adequate under the circumstances: a seizure pursuant to a court issued warrant, with an opportunity to challenge the seizure in pending administrative proceedings, all while movants remain uncharged. The fifth amendment requires no more.

### III.

### CONCLUSION

For these reasons, the motions are denied without prejudice.

**IT IS SO ORDERED.**